# TRAUB LIEBERMAN

445 Hamilton Avenue | Suite 900 | White Plains, New York 10601

DIRECT (914) 586-7049 | MAIN (914) 347-2600 | FAX (914) 347-8898

J. Patrick Carley, III | Partner | pcarley@tlsslaw.com

July 10, 2026

**VIA ECF**
Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re: ***Jeffrey Koonce v. City of Mount Vernon, et al.* // Case No. 7:26-cv-02310(KMK)**

Dear Judge Karas:

This firm represents County of Westchester in this action. We write pursuant to Individual Rule II(A), to request a pre-motion conference regarding the County's anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Second Amended Complaint ("SAC") (ECF Doc. 35).

This action arises out of Plaintiff's arrest, prosecution, conviction and imprisonment for an armed robbery and shooting that occurred in June 1981. Despite maintaining his innocence, testifying on his own behalf and presenting an alibi defense, Plaintiff was convicted by a jury in May 1983, and thereafter served approximately eight years in prison. Decades later, in 2024, following a reinvestigation by the Conviction Review Unit of the Westchester County District Attorney ("WCDA"), Plaintiff moved to vacate his conviction, with WCDA's consent, which the New York State Supreme Court (James A. McCarty, J.) granted. Critically, Judge McCarty rejected every argument advanced by Plaintiff that newly discovered evidence established that Mount Vernon and WCDA engaged in misconduct, and instead vacated on other grounds. Nevertheless, Plaintiff commenced this civil rights action asserting, *inter alia*, five causes of action against the County. For the following reasons, the County requests permission to seek dismissal of the SAC.

Plaintiff's first *Monell* claim pursuant to 42 U.S.C. §1983 (Count Eight) fails to plausibly allege that the County, through the WCDA assistant district attorneys ("ADAs"), violated his constitutional rights. *See Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) ("a *Monell* claim cannot succeed without an underlying constitutional violation"). First, ADA O'Brien directing officers to conduct a show-up identification (SAC ¶275), did not violate Plaintiff's constitutional rights. "The mere failure of a 'show-up' to pass constitutional requirements, without a showing of resulting prejudice, does not establish a constitutional deprivation." *Cerbone v. Cnty. of Westchester*, 508 F. Supp. 780, 786 (S.D.N.Y. 1981). A plaintiff's constitutional rights are not violated until he is convicted on the basis of the suggestive identification. *Hasan v. Onondaga Cnty.*, 2018 U.S. Dist. LEXIS 131727 (N.D.N.Y. Aug. 2, 2018), *citing Wray v. City of N.Y.*, 490 F.3d 189, 193 (2d Cir. 2007). The SAC confirms that the show-up was suppressed before Plaintiff's trial (SAC ¶125), such that he suffered no prejudice. Second, the claim that ADA Smith knew that Det. Salottolo testified falsely (SAC ¶¶275, 129, 131), is conclusory. The SAC does not identify which trial witness interviews or police reports refuted the testimony, or how they did so. In any event, Plaintiff repeatedly admits that the information that would have revealed the falsity of that testimony was also withheld from WCDA. (SAC ¶¶9, 69, 91, 107, 109-116, 130, 207, 228, 231, 240-241).[1]

---

[1] Judge McCarty ruled that Plaintiff's arguments that the investigating/arresting officers testified dishonestly at his trial lacked factual support and were buttressed by speculation. (*Compare* SAC ¶129).

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT

July 10, 2026
Page 2

Third, the SAC fails to plausibly allege that the ADAs withheld *Brady* material regarding the composition of the photo array and the suggestiveness of the photo array and show-up identification procedures. (SAC ¶275). *Brady* obligations "extend[] only to material evidence that is known to the prosecutor." *U.S. v. Saipov*, 2023 U.S. Dist. LEXIS 86030, at *10-13 (S.D.N.Y. May 16, 2023). Plaintiff admits that the information relating to the composition of the array and suggestiveness of the identification procedures was withheld from WCDA. (SAC ¶¶9, 69, 91, 109-116, 130, 207, 231, 240-242). Prosecutors also have no *Brady* obligation to disclose information that comes to light after trial. *Capalbo v. U.S.*, 2012 U.S. Dist. LEXIS 24005 (S.D.N.Y. Feb. 24, 2012). Moreover, "[e]vidence…is not required to be disclosed [] if the defendant knows or should have known of 'the essential facts permitting him to take advantage of any exculpatory evidence.'" *U.S. v. Frank*, 11 F. Supp. 2d 322, 327 (S.D.N.Y. 1998). Here, evidence that the array and show-up were suggestive was clearly known to Plaintiff since he successfully moved to suppress both. (SAC ¶125).[2] Fourth, ADA Smith's purported improper summation remarks (SAC ¶¶275), did not cause "substantial prejudice." *Bellamy v. City of N.Y.*, 914 F.3d 727, 762 (2d Cir. 2019). The SAC confirms that defense counsel objected to the remarks (SAC ¶¶135, 146), the objections were sustained (*id.* ¶146), and the trial court made cautionary instructions to the jury (*id.*). Plaintiff also moved for a mistrial because of the remarks. (*Id.* ¶¶135, 138, 142, 145). The trial court's decision to deny the mistrial motion (*id.* ¶146), constitutes a superseding cause breaking the chain of causation. *Jovanovic v. City of N.Y.*, 2010 U.S. Dist. LEXIS 144388, at *50-51 (S.D.N.Y. Sept. 28, 2010).[3]

Plaintiff's first *Monell* claim also fails because the SAC does not plausibly allege that any constitutional deprivations were the result of an official policy or custom of the County. The SAC attempts to plead the existence of an official policy by alleging that the County had a widespread practice of engaging in summation misconduct and suppressing *Brady* material. As evidence thereof, the SAC cites to 13 other cases purportedly involving similar allegations of summation misconduct against WCDA (SAC ¶¶277, 279(c), 284(d)), and 11 other cases purportedly involving similar allegations of *Brady* violations against WCDA. (*Id.* ¶¶277(i), 278, 279). However, only five summation cases and two *Brady* cases actually preceded Plaintiff's trial. "[P]laintiff cannot point to 'contemporaneous or subsequent' violations to 'establish a pattern of violations that would provide notice….'" *Douglas v. City of Peekskill*, 2023 U.S. Dist. LEXIS 50738, at *24-25 (S.D.N.Y. 2023), *citing Connick v. Thompson*, 563 U.S. 51 (2011). Of the five summation cases, one did not reverse the conviction and the remaining four—spanning 15 years—are not factually similar to the alleged misconduct here. (SAC ¶277). Of the two *Brady* cases, neither is factually similar to the violations alleged here. (*Id.* ¶278). In any event, such a low number of discrete instances is insufficient to demonstrate a practice that was so widespread as to have the force of law. *Douglas*, *supra*, at *25-27 (citing cases). The SAC also identifies no cases preceding Plaintiff's trial where WCDA improperly directed officers to perform a show-up. A "single incident alleged…does not suffice to show a municipal policy." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

---

[2] Judge McCarty ruled the composition of the array was neither improper nor suppressed, noting the *Wade* hearing transcript conclusively established the array had been shown to defense counsel and discussed with Plaintiff.

[3] Even assuming, *arguendo*, that the ADAs elicited or failed to correct false testimony, or withheld *Brady* material, or made improper statements in summation, or improperly directed the show-up, they are entitled to absolute immunity for same. *Moye v. City of N.Y.*, 2012 U.S. Dist. LEXIS 94078 (S.D.N.Y. July 2, 2012); *Chapman v. City of Albany*, 2025 U.S. Dist. LEXIS 12632 (N.D.N.Y. Jan. 24, 2025); *D'Alessandro v. City of N.Y.*, 2016 U.S. Dist. LEXIS 163616 (E.D.N.Y. Nov. 28, 2016); *Bermudez v. City of N.Y.*, 2013 U.S. Dist. LEXIS 20371 (S.D.N.Y. Feb. 14, 2013). A finding that "no constitutional deprivation occurred as a result of a finding of absolute immunity…alone merits dismissal of a claim against Westchester County." *Burton v. Cnty. of Westchester*, 2022 U.S. Dist. LEXIS 115402 (S.D.N.Y. 2022).

The SAC next attempts to plead the existence of an official policy by alleging that the County failed to train, supervise and discipline prosecutors to such an extent that it amounts to deliberate indifference. To do so, Plaintiff must plead "[a] pattern of similar constitutional violations by untrained employees" that put decisionmakers on notice. *Douglas*, *supra*, at \*32, *citing Connick*, *supra*, at 62. This is particularly true of prosecutors since "[a] district attorney is entitled to rely on prosecutors' professional training and ethical obligations…." *Id*. The SAC does not identify any examples prior to Plaintiff's trial where it was determined that WCDA improperly trained, supervised or disciplined ADAs. *See Jovanovic*, *supra*, at \*49. Moreover, the four summation and two *Brady* cases that preceded Plaintiff's trial are not sufficiently similar to the violations alleged here, and thus could not have put WCDA on notice that specific training was necessary. *D'Alessandro*, *supra*, at \*25-34; *Douglas*, *supra*, at \*32-45; *Connick*, *supra*, at 63, 67. The SAC thus fails to demonstrate the County was on notice of allegedly deficient procedures or that these deficiencies were the result of deliberate indifference. The SAC similarly fails to allege repeated complaints of similar civil rights violations or identify a complaint that the County failed to respond to, and thus fails to demonstrate an obvious need for better supervision. *Douglas*, *supra*, at \*40-43.

Plaintiff's second *Monell* claim (Count Nine) alleges that ADA O'Brien implemented a policy of using suggestive show-up identification procedures in Mount Vernon criminal investigations. (SAC ¶¶316-318). The SAC fails to plausibly allege such claim. First, ADA O'Brien is not a policymaker. *See Hudson v. Cnty. of Duchess*, 51 F. Supp. 3d 357, 368-369 (S.D.N.Y. 2014). Second, ADA O'Brien did not engage in unconstitutional activity. There is no constitutional right not to be subjected to an unconstitutionally suggestive identification, *see Wray*, 490 F.3d at 193, so directing the officers to conduct the show-up was not improper. The SAC also fails to allege that ADA O'Brien specifically directed the officers to conduct the show-up in a suggestive manner or knew that the officers had conducted the show-up in a suggestive manner. To the contrary, the SAC acknowledges that the officers withheld the suggestiveness of the show-up from WCDA. (*See* SAC ¶¶91, 111-116, 130, 207, 240-241). In any event, the SAC confirms the show-up was suppressed (*see* SAC ¶125), so there was no constitutional deprivation. *See Hasan*, *supra*; *Cerbone*, *supra*.

Plaintiff's claim for negligent hiring, training, retention and supervision (Count Twelve), fails. First, the claim is time-barred. *Robertson v. Fluerinord*, 2024 U.S. Dist. LEXIS 204313 (S.D.N.Y. Nov. 8, 2024). Second, the SAC alleges that the ADAs' improper acts all occurred in the course of their employment as prosecutors. (SAC ¶354). *Velez v. City of N.Y.*, 730 F.3d 128 (2d Cir. 2013). Third, the claim is improperly based on misconduct that occurred post-trial. (SAC ¶342(d)).

The SAC fails to state a claim for violation of the New York Constitution (Count Fifteen). The SAC alleges that the County is "liable under *respondeat superior* for the state constitutional violations committed by [its] respective employees acting within the scope of their employment." (SAC ¶360). While the preceding allegation in the SAC, which identifies the purported violations, now includes a vague reference ADA O'Brien (*see* SAC ¶359), the SAC, as discussed above, fails to plausibly allege that ADA O'Brien engaged in unconstitutional activity.

The SAC fails to state a claim for "*respondeat superior*" (Count Fourteen). *Respondeat superior* "is not a cause of action," and must be addressed "in tandem with the underlying cause(s) of action for which it is asserted." *Rindgen v. Cnty. of Broome*, 2025 U.S. Dist. LEXIS 233580, at \*19 (N.D.N.Y. Dec. 1, 2025). The SAC alleges that the County is liable for its agents' state law torts. (SAC ¶356). The SAC, however, neither pleads a plausible claim against a County employee, nor alleges any misconduct by County employees that is not protected by absolute immunity.

July 10, 2026
Page 4

   In light of the foregoing, and the arguments advanced in letters requesting pre-motion conferences filed by any co-Defendants, which the County hereby adopts and incorporates to the extent they apply to the County as well, the County respectfully requests that the Court schedule a pre-motion conference. We thank the Court for its consideration.

Respectfully Submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*J. Patrick Carley, III*

J. Patrick Carley, III

cc: All Counsel of Record