**BARRY MCTIERNAN & MOORE**

One Battery Park Plaza – 35th Floor
New York, NY 10004
P: 212-313-3600
F: 212-608-8901

New York, NY | White Plains, NY | Rochester, NY | Roseland, NJ | Philadelphia, PA          WWW.MCTIERNANLAW.COM

**Writer's Direct:** (212) 313-3611
**Writer's Email:** cchadwell@bmmfirm.com

July 10, 2026

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:     Jeffrey Koonce v. City of Mount Vernon, et al.
                 Case No.: 26-cv-02310 (KMK) (VR)

Dear Judge Karas:

This firm represents Defendants City of Mount Vernon, Detective James Garcia, Detective Lieutenant Robert Astorino, and Detective Daniel Salottolo in the above referenced action. We write pursuant to Your Honor's Individual Rules to request a pre-motion conference to discuss Defendants' desire to file a motion to dismiss Plaintiff's Second Amended Complaint ("SAC").

Plaintiff's SAC still fails to adequately allege personal involvement by Defendant Astorino, and the claims against him should be dismissed. The new allegations of his involvement in the alleged wrongdoing are conclusory at best, and are therefore legally insufficient.

Plaintiff's SAC further fails to remedy the statute of limitations problem. "[T]he limitations period for [Plaintiff's] Monell claims did not begin until such time as he should have known that [the constitutional violation] resulted from the City's policy or custom." Birch v. City of New York, 2017 U.S. App. LEXIS 739, *5 (2d Cir. 2017) (internal quotation marks omitted). A majority of the cases that Plaintiff uses as examples of Mount Vernon's purportedly unconstitutional practices post-date his conviction and are from the 1990s and later. SAC, e.g., ¶ 162. Plaintiff therefore knew or should have known of these alleged practices long before 2023, which would be three years before he filed his original complaint. His Monell claim is untimely.

As to Plaintiff's conspiracy claim, "the cause of action accrues and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damage." Chodos v. FBI, 559 F. Supp. 69, 74 (S.D.N.Y. January 4, 1982). The latest overt act identified by Plaintiff is the suppression of exculpatory and impeachment evidence during the trial, which resulted in his conviction in 1983. SAC, ¶ 267. Plaintiff's conspiracy claim is therefore untimely.

A failure to intervene claim accrues "when the purported failure to intervene occurs." <u>Watt v. City of New York</u>, 740 F. Supp. 3d 212, 227 (E.D.N.Y. May 31, 2024). Accepting all facts as true and allowing all possible inferences in Plaintiff's favor, the three-year statute of limitations began running after his release from prison because once he was released, there was no longer anything for the Individual Defendants to intervene in. As of 1995, this claim was untimely.

Plaintiff's negligent hiring, training, retention and supervision claim against Mount Vernon is time-barred given its statute of one year and ninety days. In addition, Plaintiff's state claim for malicious prosecution against the individual Defendants is time-barred as the statute of limitations for this claim is one year. <u>Gallagher v. Directors Guild of America, Inc.</u>, 144 A.D.2d 261 (1st Dept. 1988).

Additionally, Plaintiff's <u>Brady</u> claim must be dismissed. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. <u>Strickler v. Greene</u>, 527 U.S. 263, 281-282 (1999). Here, the evidence at issue was not suppressed by the Mount Vernon Defendants. The initial photographic array and the show up procedure were disclosed to Plaintiff's criminal counsel and later suppressed by the trial court. Ex. A, p. 3-4. None of the identification procedures in which Defendant Garcia was involved were introduced at trial. <u>Id</u>., p. 5.

Plaintiff's claim also identifies the Deighan statement and a falsified search warrant application pertaining to a blue tote bag as <u>Brady</u> material that was suppressed. However, as noted by the Judge that vacated Plaintiff's conviction, Mr. Deighan did not testify at trial, was never located in connection with the reinvestigation of the case, and never disavowed the information contained in his statement. <u>Id</u>., p. 4. The vacatur Judge further held that there was no evidence that Defendants Salottolo or Garcia acted dishonestly with respect to the search for and recovery of the tote bag[1]. <u>Id</u>. Regarding the alibi evidence, that was also not suppressed by the Defendants as Plaintiff presented an alibi defense at his trial. <u>Id</u>., p. 3, fn. 2.

With respect to Plaintiff's <u>Monell</u> claim against Mount Vernon, the SAC still fails to adequately allege an unconstitutional policy or procedure. The vast majority of the other cases cited in the SAC post-date Plaintiff's trial. "A Plaintiff cannot point to contemporaneous or subsequent violations to establish a pattern of violations that would provide notice to the city and the opportunity to conform to constitutional dictates." <u>Douglas v. City of Peekskill</u>, 2023 U.S.

---

[1] For this reason, Plaintiff's claims insofar as they are premised on the alleged intentional wrongdoing by the individual Defendants are also barred by collateral estoppel as he had a full and fair opportunity to litigate the issue of the individual Defendants' alleged malfeasance in connection with the vacatur of his conviction. In vacating the conviction, Judge McCarty held that Plaintiff's claims of intentional wrongdoing by the individual Defendants were "exclusively the product of conjecture and supposition" and "lack[ed] factual support and are buttressed merely by speculation." Ex. A, p. 4. Judge McCarty also held that the initial photographic line up was not improper. <u>Id</u>.

Dist. LEXIS 50738, *24-25 (S.D.N.Y. March 24, 2023) (internal quotation marks, alterations, and citation omitted). The small number of the cases cited that predate Plaintiff's trial are insufficient to establish a widespread policy or practice. Plaintiff's contention (SAC, ¶ 327) that Mount Vernon lacked certain procedures related to probable cause and arrests similarly fails to suffice because "a municipality's failure to put a formal policy in place to prevent unlawful conduct is not the same thing as an actionable policy." Quinones v. New York City, 2020 U.S. Dist. LEXIS 149333, *54 (S.D.N.Y. August 17, 2020).

Plaintiff's Monell claim should also be dismissed to the extent it is premised on a failure to train. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (internal quotation marks omitted). "This is so because  without notice that a course of training is deficient in a particular respect, municipal policymakers cannot be said to have 'deliberately chosen a training program that will cause violations of constitutional rights.'" Piatetsky v. Port Auth. of N.Y. & N.J., 2026 U.S. Dist. LEXIS 111063, *63-64 (S.D.N.Y. May 19, 2026), citing Connick, supra. Again, Plaintiff's SAC offers a single example that predates Plaintiff's arrest and trial that involves similar alleged wrongdoing. SAC, ¶ 284(a). This is insufficient as a matter of law to prove a pattern of improperly training, disciplining, or supervising its police officers.

Plaintiff's Russo claim must be dismissed as the evidence in question was not mishandled or suppressed nor did it affirmatively establish Plaintiff's innocence, and the actions alleged are not conscience-shocking. See Cambisaca v. Ruhe, 2019 U.S. Dist. LEXIS 111568 (S.D.N.Y. July 3, 2019).

Accordingly, based on the foregoing arguments[2], the Mount Vernon Defendants respectfully request that the Court schedule a pre-motion conference.

Respectfully submitted,

Barry McTiernan & Moore LLC

*Courtney Chadwell*
Courtney Chadwell, Esq.

cc: All Counsel of Record (via ECF)

---

[2] Defendants reserve the right to assert additional arguments if necessary. In addition, the Mount Vernon Defendants adopt the arguments asserted by County of Westchester to the extent applicable to Mount Vernon.