

**NEWIRTH LINEHAN**

July 17, 2026

**VIA ECF**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    *Koonce v. City of Mount Vernon, et al.,* No. 7:26-cv-02310 (KMK)(VR)
              Plaintiff's Response to Defendants' Pre-Motion Letters (Dkt. 38, 39)

Dear Judge Karas:

Jeffrey Koonce spent approximately eight years in prison, and decades more branded a violent felon, for a Mount Vernon armed robbery he did not commit. In 2024, 41½ years after he was wrongly convicted, the Westchester County District Attorney's (WCDA) Conviction Review Unit (CRU) undertook a reinvestigation of Mr. Koonce's conviction, as part of a larger investigation into convictions obtained by the lead investigators, Defendants Garcia and Astorino, who had been convicted of federal crimes in the course of their duties. (SAC[1] ¶ 155). The WCDA reinvestigation found evidence that Mr. Koonce's wrongful conviction was the result of official misconduct by these and other officers, and agreed to join Mr. Koonce's motion to vacate on that ground. (SAC ¶¶ 158–165). WCDA's filing joining Mr. Koonce's vacatur motion included a sworn affirmation from WCDA describing the findings of WCDA's reinvestigation, Mr. Koonce's wrongful conviction, and the official misconduct that caused it. (SAC ¶¶ 165–169). Ruling on Mr. Koonce's motion to vacate, the Westchester Supreme Court adjudicated the matter without holding a hearing. (SAC ¶¶ 170–171) On December 27, 2024, the court issued a decision and order vacating the conviction pursuant to New York CPL § 440.10(1)(g) and (h), and dismissing the indictment. (SAC ¶¶ 14, 165, 170). This civil rights lawsuit followed. (Dkt. 1).

*Procedural History*

On June 8, 2026, the City and County Defendants each filed pre-motion letters identifying purported deficiencies in the First Amended Complaint. (Dkt. 28, 29). Mr. Koonce then amended the operative complaint, filing a Second Amended Complaint (SAC) on June 26, 2026. (Dkt. 35). On July 10, 2026, Defendants filed the instant pre-motion letters identifying purported deficiencies in the SAC. (Dkt. 38, 39). We submit this consolidated response to those letters.

---

[1] References to the Second Amended Complaint (Dkt. 35) take the form SAC ¶ __.

**99 PARK AVENUE | PH | NEW YORK, NEW YORK 10016**
**(917) 936-5989 | office@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM**

### *Legal Standard*

On a motion to dismiss, the pleading standard is a low bar. Accepting the well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, the complaint need only state a claim that is plausible on its face. *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1092 (2d Cir. 2024); *Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021) (a complaint need not plead every factual detail or rule out every possible defense). Defendants largely disregard that standard, resting on summary-judgment and trial-burden authority.

### *The Defendants' Timeliness Arguments Are Without Merit*

First, the claims are timely. A *Monell* claim requires an underlying constitutional violation. *See, e.g.*, County Ltr. (Dkt. 38) at 1 (*citing Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019)). The § 1983 claims here rest on the fabrication and suppression that produced Mr. Koonce's malicious prosecution, which did not accrue until it terminated in Mr. Koonce's favor. *Heck v. Humphrey*, 512 U.S. 477 (1994); *McDonough v. Smith*, 588 U.S. 109 (2019); *Poventud v. City of New York*, 750 F.3d 121 (2d Cir. 2014) (*en banc*). The conviction was vacated on December 27, 2024 (SAC ¶ 14), and this action followed on March 20, 2026, within the three-year period. The *Monell* claim, derivative of that violation, could not have accrued earlier—whatever the City contends Mr. Koonce should have known about a policy while his conviction stood—and the conspiracy and failure-to-intervene claims, predicated on the same malicious prosecution, accrued with it. (City Ltr. (Dkt. 39) at 1-2). The state-law claims are timely on the same footing: Plaintiff served a notice of claim within the ninety days required by General Municipal Law § 50-e (SAC ¶ 23) and filed within § 50-i's one-year-and-ninety-day period, which governs tort claims against a municipality and its employees and displaces the one-year period the City invokes for the state malicious-prosecution claim. (City Ltr. (Dkt. 39) at 2). The negligent hiring, training, retention, and supervision claim (Count Twelve) accrued no earlier (County Ltr. (Dkt. 38) at 3; City Ltr. (Dkt. 39) at 2): Defendants' authority tied accrual to a plaintiff's false arrest—which accrues at arrest—but Count Twelve is predicated on the intentional misconduct that produced Mr. Koonce's malicious prosecution, accruing on that prosecution's favorable termination. *See* SAC ¶¶ 340-344. *Compare* County Ltr. (Dkt. 38) at 3 (citing *Robertson v. Fluerinord*, 2024 U.S. Dist. LEXIS 204313 (S.D.N.Y. Nov. 8, 2024) (false arrest)).

Even under the City's theory that a *Monell* claim accrues when Mr. Koonce knew or should have known that his injury was the consequence of a municipal policy or custom (City Ltr. (Dkt. 39) at 1), this presents a question of fact that cannot be resolved on a motion to dismiss. *Houston v. Cotter*, 7 F. Supp. 3d 283, 291-92 (E.D.N.Y. 2014) (citing cases). A statute of limitations is an affirmative defense; dismissal is proper only where untimeliness is clear on the face of the complaint, which it is not. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

### *The Estoppel Argument Fails*

Second, the vacatur decision estops nothing (City Ltr. (Dkt. 39) at 2 n.1). Issue preclusion requires an identical issue necessarily decided after a full and fair opportunity to litigate. *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449 (1985); *Schwartz v. Public Adm'r*, 24 N.Y.2d 65

**NEWIRTH LINEHAN PLLC**
**99 PARK AVENUE | PH | NEW YORK, NEW YORK 10016**
(917) 936-5989 | office@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM

(1969). The motion to vacate was resolved on the People's consent without a hearing, testimony, cross-examination, or discovery, and the People affirmed the very misconduct Defendants say was rejected by the Court. *See* SAC ¶ 166. The City's attachment of Judge McCarty's written decision (Ex. A to Dkt. 39), and the County's reliance on its findings (County Ltr. (Dkt. 38) at 1-2 & nn. 1-2), neither makes the decision part of the pleadings nor permits the Court to credit its factual findings on a motion to dismiss. Indeed, relying on those findings for their truth would require converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

### Lt. Astorino's Involvement Is Properly Alleged

Third, the allegations of Lieutenant Astorino's personal involvement are not conclusory (City Ltr. (Dkt. 39) at 1). The Complaint alleges Astorino oversaw and approved the creation of the suggestive array (SAC ¶ 64), forwarded and confirmed the misleading reports that induced the prosecution (SAC ¶¶ 109-111), and suppressed exculpatory information (SAC ¶ 130); WCDA acknowledged his implication in misconduct germane to this case (SAC ¶ 166); and he was convicted of federal corruption offenses in 1996. That satisfies *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). Any dispute between WCDA's reinvestigation findings and the vacatur decision only confirms that Astorino's role is an issue of fact not resolvable on a motion to dismiss. (SAC ¶ 166).

### The Brady, Fair Trial, and Russo Claims Are Plausibly Pleaded

Fourth, the *Brady* and fair-trial claims are plausibly pled. As against the Mount Vernon Defendants (City Ltr. (Dkt. 39) at 2), the violation is the detectives' concealment of favorable evidence from the prosecution. The police had an independent duty to disclose the origin of the array (SAC ¶¶ 61, 67-68), the suggestion used to procure Mr. Shuler's identifications (SAC ¶¶ 89-91), the false statement procured from Ronald Deighan (SAC ¶¶ 101, 104), the falsified tote-bag warrant application (SAC ¶¶ 93, 97), and other favorable information. Their suppression of that evidence violated Mr. Koonce's rights. (SAC ¶¶ 109-111, 130). *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992).

As against the County (County Ltr. (Dkt. 38) at 1-2), the violation does not depend on the material concealed by the police. The SAC plausibly alleges independent violations of *Brady, Napue v. Illinois*, 360 U.S. 264 (1959); and *Giglio v. United States*, 405 U.S. 150 (1972) by ADA Smith. (SAC ¶275). The contention that Smith's knowledge is pleaded only in conclusory terms, or that the officers' concealment left the prosecutor ignorant, fails at the pleading stage: *Napue* reaches testimony the prosecutor knew or should have known was false, and the Complaint grounds that knowledge in Smith's own interviews of the trial witnesses and the police reports in the prosecution's possession. (SAC ¶¶ 131-132). What Smith knew or should have known is a question of fact that cannot be resolved on a motion to dismiss. The County's liability also rests independently on ADA Smith's summation misconduct (SAC ¶¶ 135-146, 275), a recognized basis for municipal liability whose prejudice is itself a question of fact. *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). Finally, the County's liability rests on ADA O'Brien's direction of the suggestive showup, investigatory conduct that is

protected, if at all, by qualified, not absolute, immunity. (SAC ¶¶ 86-91, 275). Rule 8(d) permits Plaintiff to plead these theories in the alternative.

The County's reliance on what Mr. Koonce purportedly knew is misplaced (County Ltr. (Dkt. 38) at 2). He knew there had been a one-on-one showup and a photo array, and he moved to suppress both—but neither he nor the Court that denied his suppression motions knew the concealed facts that make the identifications exculpatory and impeaching. (SAC ¶¶ 44, 66, 69, 77-78, 126). That evidence existed and was known to the prosecution team at the time of trial and was suppressed—classic *Brady*, not after-acquired information. (SAC ¶¶ 131-132).

The City's challenge to the *Russo* prolonged-detention claim (Third Cause) also fails (City Ltr. (Dkt. 39) at 3). That claim turns on a multi-factor reasonableness inquiry—the length of the detention, the ease with which the exculpatory evidence could have been checked, and the officers' intentional or reckless conduct—in which the deliberate suppression and fabrication of evidence carries the claim. *Russo v. City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007). The Complaint pleads that intentional misconduct (SAC ¶¶ 61-104, 130), and whether it meets the standard is a question of fact, not resolved on the pleadings.

### *The Monell Claims Are Adequately Pleaded*

Fifth, the *Monell* claims are adequately pleaded under each recognized theory (County Ltr. (Dkt. 38) at 2-3; City Ltr. (Dkt. 39) at 2-3). The Complaint alleges the direct act of a final policymaker—ADA O'Brien, to whom District Attorney Vergari delegated final policymaking authority over identification procedures in Mount Vernon, personally directed the suggestive showup (SAC ¶¶ 86, 299, 316-318); a single policymaker act suffices, *Haughey v. County of Putnam*, 2020 WL 1503513 (S.D.N.Y. Mar. 29, 2020) (Karas, J.). It alleges a widespread custom of MVPD and WCDA misconduct spanning decades and confirmed by the December 2024 findings of the Department of Justice (SAC ¶¶ 172-189, 277-279). And it alleges deliberate indifference in the failure to train, supervise, and discipline. *Connick v. Thompson*, 563 U.S. 51 (2011), does not require otherwise: it held only that a single *Brady* violation cannot show a prosecutorial training deficiency, whereas the Complaint alleges a decades-long, multi-form pattern (SAC ¶¶ 172-188, 277-279) confirmed by the 2024 DOJ findings. Nor is this a mere failure to adopt a formal policy: the Complaint pleads affirmative customs—suggestive identifications, fabrication, and the suppression of exculpatory evidence—not the absence of procedures. (SAC ¶¶ 172-188, 327). Whether the pattern is sufficiently widespread, and whether the municipalities were on notice, are questions of fact; Defendants' counting of the comparator cases and their reliance on the timing of those decisions are summary-judgment arguments. Plaintiff will marshal the full pattern authority in opposition to any filed motion.

### *The County's Remaining Arguments Fail*

Sixth, the County's remaining arguments fail. The pretrial suppression of the showup did not break the causal chain, because the in-court identification was procured through the concealment of how the identifications were obtained. *Wray v. City of New York*, 490 F.3d 189 (2d Cir. 2007) (SAC ¶¶ 91, 125). A prosecutor's absolute immunity does not shield the County (County Ltr. (Dkt. 38) at 2 n.3): municipalities enjoy no immunity under Section 1983, so the individual

defendants' immunity—even for advocacy functions—is irrelevant to the County's *Monell* liability. *Anilao v. Spota*, 27 F.4th 855 (2d Cir. 2022); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1153 (2d Cir. 1995); *Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013). The New York constitutional and respondeat-superior claims rest on the officers' conduct and are adequately pleaded (SAC ¶¶ 299, 316-319); Section 1983 is not an adequate alternative remedy for a respondeat-based state constitutional claim. (County Ltr. (Dkt. 38) at 3). *Buari v. City of New York*, 530 F. Supp. 3d 356, 409 (S.D.N.Y. 2021). The negligent-hiring claim is pleaded in the alternative to respondeat superior, as Rule 8(d) permits. To the extent the individual defendants acted outside the scope of their employment, the municipalities are liable for negligent hiring and supervision; to the extent within it, under respondeat superior. That respondeat superior is a theory of vicarious liability rather than a freestanding cause of action does not aid the County (County Ltr. (Dkt. 38) at 3); Plaintiff pleads it in tandem with the adequately pleaded state-law torts it supports.

### Conclusion

Defendants' letters do not show that any claim fails as a matter of law; at most they raise fact disputes reserved for summary judgment or trial. In sum, Defendants' proposed motions to dismiss are without merit. We thank the Court for its consideration.

Respectfully submitted,

Karen A. Newirth
Counsel for Plaintiff Jeffrey Koonce

The Court will hold a pre-motion conference on 8/10 26, at 11:00 VIA teleconference
So Ordered.

7/17/26

**NEWIRTH LINEHAN PLLC**
**99 PARK AVENUE | PH | NEW YORK, NEW YORK 10016**
(917) 936-5989 | office@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM