

July 22, 2026

**VIA ECF**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

        Re:    *Koonce v. City of Mount Vernon, et al.*, No. 7:26-cv-02310 (KMK)
              Plaintiff's Request for Leave to Amend to Substitute the Named Executor for
              John Doe 13

Dear Judge Karas:

We represent Plaintiff Jeffrey Koonce and write, pursuant to Federal Rule of Civil Procedure
15(a)(2) and consistent with Your Honor's Individual Practices, to request leave to amend the
Second Amended Complaint for the sole purpose of substituting the named executor of the
Estate of James H. O'Brien, Jr.—Christopher J. O'Brien—for the placeholder defendant
currently pleaded as "John Doe 13, sued as the Administrator of the Estate of James H.
O'Brien." The proposed amendment does nothing more than replace the John Doe designation
with his name and correct the fiduciary's title from "Administrator" to "Executor." It adds no
party, no claim, and no factual allegation. Plaintiff sought Defendants' consent to this narrow
amendment by email on July 17, 2026, and again this morning, and has received no response.

The Second Amended Complaint identified this defendant by a John Doe designation because
the estate's personal representative had not then been identified. Plaintiff has since confirmed,
through the records of the Westchester County Surrogate's Court (File No. 2008-1572), that
letters testamentary issued to Mr. O'Brien's son, Christopher J. O'Brien, as executor of the
estate. On July 8, 2026, Plaintiff separately contacted the attorney who handled the O'Brien
estate to arrange for the executor to accept or waive service. Plaintiff has not heard back from
this attorney after that initial telephone conversation and two follow up emails on July 8 and July
10.

The proposed substitution is unrelated to the issues raised in Defendants' pre-motion to dismiss
letters (Dkt. Nos. 38, 39). It changes only the name and fiduciary title of a single, not-yet-served
defendant, so it will not affect the anticipated motions or the matters to be addressed at the
August 10 conference (Dkt. No. 41).

Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and
substituting a defendant's true name once it is known is the kind of amendment courts routinely

allow, particularly where no party is prejudiced and relation back is not implicated, as the substitution is made well within the limitations period.

Plaintiff respectfully requests leave to file a Third Amended Complaint limited to this substitution. Plaintiff proceeds by letter in the interest of avoiding delay, given the deadline to serve this defendant. We thank the Court for its attention to this matter.

Very truly yours,

Karen A. Newirth

cc:     All counsel of record (via ECF)

Defendants are to respond to this letter by 7/31/26.

So Ordered.

7/27/26

**NEWIRTH LINEHAN PLLC**
**99 PARK AVENUE | PH | NEW YORK, NEW YORK 10016**
**(917) 936-5989 | office@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM**