# **TRAUB** LIEBERMAN

445 Hamilton Avenue | Suite 900 | White Plains, New York 10601

DIRECT (914) 586-7049 | MAIN (914) 347-2600 | FAX (914) 347-8898

J. Patrick Carley, III | Partner | pcarley@tlsslaw.com

July 30, 2026

**VIA ECF**
Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re:   ***Jeffrey Koonce v. City of Mount Vernon, et al.* // Case No. 7:26-cv-02310(KMK)**

Dear Judge Karas:

This firm represents Defendant County of Westchester ("the County") in the above-referenced action. We write in response to Plaintiff's application dated July 22, 2026, requesting leave to amend the Second Amended Complaint to substitute Defendant John Doe 13, as the Administrator of the Estate of James H. O'Brien ("the Estate"), with the named executor of the Estate (ECF Doc. 42), and pursuant to Your Honor's directive dated July 27, 2026 (ECF Doc. 43). The County respectfully believes that the Court should deny Plaintiff's request for leave to file a Third Amended Complaint.

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend "only with the opposing party's written consent or the court's leave." Leave to amend should be denied where amendment would be futile. *Carrol v. Trump*, 590 F. Supp. 3d 575, 578 (S.D.N.Y. 2022). An amendment is futile where the proposed pleading could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b) or fails to cure prior deficiencies. *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015).

Pursuant to Fed. R. Civ. P. 17(b), the capacity of an estate to sue or be sued in federal court is determined by the law of the state where the federal court is located. Accordingly, New York law governs whether the Estate has capacity to be sued here. *Wilmington Trust v. Estate of McClendon*, 287 F. Supp. 3d 353, 372 (S.D.N.Y. 2018). Under New York law, where an estate has been settled and the fiduciary discharged, the former representative is no longer subject to suit in that representative capacity. *See Raine v. Gleason*, 194 A.D.2d 395, 395-96 (1st Dept. 1993); *People v. Salako*, No. 21-66328, 2022 N.Y. Misc. LEXIS 49219, at *4 (Sup. Ct. Westchester County, Apr. 28, 2022) (finding that after 26 years of the informal winding up of an estate, the estate representative "is no longer a party who is subject to suit, as a result of having long ago been a fiduciary of [the] estate") (citations omitted).

Plaintiff's application does not make any showing that the Estate remains active or that its representative—executor Christopher J. O'Brien—has not yet been discharged from his duties. Upon information and belief, the decedent (*i.e.*, James H. O'Brien) passed away on June 9, 2008. (*See* www.legacy.com/us/obituaries/ohud/name/james-o-brien-obituary?id=48'32844). Given the passage of nearly two decades since the decedent's passing, and the absence of any evidence in Plaintiff's application confirming that the Estate's administration remains pending and/or that its

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT

www.traublieberman.com

July 30, 2026
Page 2

fiduciary still retains authority, it is respectfully submitted that Plaintiff has failed to satisfy his burden of proposing an amendment that would withstand a motion to dismiss under Fed. R. Civ. P. 12(b). Consequently, the County believes that Plaintiff's request for leave to file a Third Amended Complaint should be denied.

In the event the Court grants Plaintiff leave to amend the Second Amended Complaint for the limited purpose of substituting the named executor of the Estate—to wit: Christopher J. O'Brien—for the placeholder defendant currently pleaded as "John Doe 13, as the Administrator of the Estate of James H. O'Brien," the County requests that it be permitted to apply its previously filed letter dated July 10, 2026, requesting a pre-motion conference regarding the County's anticipated motion to dismiss the Second Amended Complaint (ECF Doc. 38), and the arguments advanced therein, to the Third Amended Complaint.[1]

In light of the foregoing, the County believes that the Court should deny Plaintiff's request for leave to file a Third Amended Complaint and, in the alternative, requests that it be permitted to rely upon its previously filed letter dated July 10, 2026 to request a pre-motion conference for dismissal of the claims in the Third Amended Complaint.

Respectfully Submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*J. Patrick Carley, III*

J. Patrick Carley, III

cc:    All Counsel of Record

The Court will hold a pre-motion conference on 8/ **10** /26, at **11:00**

So Ordered.

8/3/26

---

[1]    The County's request assumes that Plaintiff is true to his word that the Third Amended Complaint will "add[] no party, no claim, and no factual allegation." (ECF Doc. 42 at p. 1). If, however, Plaintiff does include new allegations and/or claims in the Third Amended Complaint, the County specifically reserves its right to withdraw its request to apply its letter dated July 10, 2026 to the Third Amended Complaint and, if appropriate, to submit a new letter, pursuant to Individual Rule II(A), for a pre-motion conference that addresses new allegations and/or claims.