# EXHIBIT C

STATE OF NEW YORK
COUNTY COURT : COUNTY OF WESTCHESTER

---

THE PEOPLE OF THE STATE OF NEW YORK

- against -

JEFFREY KOONCE,

Defendant.

DECISION
Indictment #81-00857-02

---

1. The defendant, Jeffrey Koonce, was indicted on the 17th day of September, 1981 on a 66 count indictment that being Indictment No. 81-00857-02.

2. The defendant, claiming that proper identification testimony may be offered against him in the pending criminal action, has made a motion for an order suppressing or excluding such testimony, upon the ground that it consists of potential testimony regarding an observation of the defendant at the time or place of the commission of the offense which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness, Charles Shuller, on June 30, 1981 at a show up and on July 6, 1981 at a felony hearing.

3. The People have the burden of going forward in the first instance to show that the pre-trial identification procedure was permissible and proper. The defendant carries the burden of showing that the pre-trial identification procedure was impermissible and improper.

If the pre-trial identification procedure is shown to be impermissible and improper, any in court identifications though not per se excludable are not to be received in evidence unless the prosecution can establish by clear and convincing evidence that the in court identification has an independent origin.

4. Pursuant to an Order of the Hon. James R. Cowhey dated December 9, 1981 ordering a pretrial hearing on October 25, 26 and 28, 1982 before this Court to determine whether the procedures used in the identification of Jeffrey Koonce met constitutional safeguards. Testifying at the hearing were: Detective Daniel Salottolo, Detective Lieutenant Robert Astorino, Charles Shuler, Will Clark and Keith McMillan.

5. The Court hereby finds:

(a) That Jeffrey Koonce was taken to the Mount Vernon Hospital on the 30th day of June, 1981 so that Charles Shuler could make an identification.

(b) That Charles Shuler had previous to that time identified the defendant as the one who had shot him from a photo array which was entered into evidence.

(c) That there is no proof that on June 30, 1981 that Charles Shuler was in danger of dying.

(d) That the defendant was seven feet from Charles Shuler when Charles Shuler first observed him (HT - pg.120).

(e) That Charles Shuler observed the defendant when the defendant was standing over him (HT - pg. 123, 147 & 154).

(f) That Charles Shuler observed the defendant when the defendant was no more than three feet away (HT - pg. 167).

(g) That Charles Shuler observed the defendant when he was told to place his valuables on the pool table (HT - pg.151).

(h) That Charles Shuler has good eyesight.

6. The Court makes the following Conclusions of Law:

(a) That since Charles Shuler was not in danger of dying the show up on June 30, 1981 was improper and unduly suggestive and can not be used on the People's direct case.

(b) That the People have established by clear and convincing evidence that Charles Shuler's identification of the defendant has an independent origin, therefore, Charles Shuler may make an in court identification of the defendant.

7. Defendant's motion is denied.

Submit Order Accordingly.

Dated: February 16, 1983

s/ Henry J. Scudder
HON. HENRY J. SCUDDER
Acting County Court Judge